IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CARLTON MCKISSIC, | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | : **CASE NO:** 7:23-CV-52 (WLS-TQL) |
| WARDEN JACOB BEASLEY, *et al.*, | : |
| | : |
| Defendants. | : |

## ORDER

Before the Court is Order and Recommendation (Doc. 19) entered by United States Magistrate Judge Thomas Q. Langstaff on September 14, 2023, as to pro se Plaintiff McKissic's various motions. Therein, Judge Langstaff denied Plaintiff's Motions for discovery (Docs. 10 & 15), granted Plaintiff's Motion to Amend[1] (Doc. 12), and waived initial partial filing fee, after determining that Plaintiff is unable to prepay any portion for the filing fee while also instructing Plaintiff to pay the balance of $350.00 filing fee through installment payments as outlined in Judge Langstaff's previous Order (Doc. 4).

In addition, Judge Langstaff made the following recommendations to the Court: deny Plaintiff's Motions seeking release from Valdosta State Prison (Docs. 5 & 14) because Plaintiff is asking the Court to review his criminal case and release him based on alleged ineffective assistance of his Counsel from the state case and his wife's health issues, which are not reasons related to Plaintiff's Complaint (Docs. 1; 12); dismiss Plaintiff's Complaint (Docs. 1; 12) without prejudice for failure to state a claim under Section 1983 and Eighth

---

[1] Plaintiff's Amended Motion (Doc. 12) makes the same claims and factual allegations as his Complaint (Doc. 1). The Amended Motion (Doc. 12) only added three more Defendants. (Doc. 12).

1

Amendment; and deny Plaintiff's Motion for Compensatory Damages (Doc. 16) in accordance with Judge Langstaff's recommendation that Plaintiff's Complaint (Docs. 1; 12) be dismissed for failure to state a claim. The Recommendation (Doc. 19) also provided a notice to the Parties that they have fourteen (14) days to file objections.

Fourteen days from the entry of the Recommendation (Doc. 19) would have been September 28, 2023. However, Plaintiff filed his Objection (Doc. 20) on October 3, 2023. Although Plaintiff's Objection (Doc. 20) is untimely, the Court will nevertheless consider it in view of the mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Garvey v. Vaughn*, 993 F.2d 776, 781 (11th Cir. 1993).

On October 3, 2023, Plaintiff also filed a Motion for Summary Judgment. (Doc. 21).

**DISCUSSION**

In Plaintiff's Objection (Doc. 20), Plaintiff makes the following arguments. As to his Complaint (Docs. 1; 12) and his Motions seeking release from Valdosta State Prison (Docs. 5 & 14), Plaintiff contends that his Complaint "standing alone" states a claim, that his Complaint itself is the "relevant evidence of material merits that outlines the injury and serious bodily injury," and that someone must be held responsible for his injuries. (Doc. 20, at 1–2, 13). Plaintiff's Objection (Doc. 20) primarily repeats the allegations in his Complaint, as Plaintiff contends that Defendants did not secure the dorm, Defendants lacked training, and they failed to protect Plaintiff. (*Id.* at 1–2, 6) In addition, Plaintiff also expresses frustration with his state counsel's performance with his plea agreement.[2] (*Id.* at 3). Plaintiff

---

[2] Judge Langstaff noted in the Recommendation (Doc. 19) that if Plaintiff wants to challenge his criminal conviction and sentence, he must seek that relief through a 28 U.S.C. § 2254 petition for a writ of habeas corpus. (Doc. 19, at 3).

2

also expresses discontentment with the Recommendation (Doc. 19) by citing to various verses from the Bible to argue that the Recommendation is "unfair and unjust" and makes unprofessional, baseless statements[3] against the Court. (*Id.* at 3–7). And as to his Motion for Compensatory Damages (Doc. 16), he argues that he should be compensated "as a matter of right" for his injuries. (*Id.* at 10).

When reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Macort v. Prem, Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006). Here, the Court shall conduct a de novo review of the Recommendation (Doc. 19).

I. **Plaintiff's Objection to the Recommendation that Plaintiff's Complaint be Dismissed Without Prejudice Is OVERRULED.**

The Prisoner Litigation Reform Act (PLRA) requires district courts to conduct a preliminary screening of every complaint filed by a prisoner. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screenings, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003). True, courts liberally construe pro se claims because pro se pleadings are generally "held to a less stringent standard than pleadings drafted by attorneys." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, even pro se litigants must comply with procedural requirements, applicable rules, and court orders. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). In other words, the leniency given to

---

[3] Plaintiff is warned that going forward, any false, hostile, malicious, or baseless allegation against the Court, which are not substantively related to the relevant law or facts in his motions, will be stricken from the record and that Plaintiff may also be sanctioned for such continued conduct.

3

pro se litigants does not mean that the normal standards are discarded or that the Court accepts contentions not supported by the record or the law or that the Court serves as a *de facto* counsel for Plaintiff, rewrite his filings, or make arguments on his behalf. *See also Nawab v. Unifund CCR Partners*, 553 F. App'x 856, 860 (11th Cir. 2013).

A court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must contain enough facts to "raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556.

To state a claim for relief under Section 1983, a plaintiff must demonstrate both (1) that the defendant deprived him of a right secured under the Constitution or federal law, and (2) that such deprivation occurred under color of state law. *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998). If the plaintiff fails to satisfy the requirements or fails to provide sufficient factual allegations in his complaint, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282–84 (11th Cir. 2003).

Here, Plaintiff's Complaint (Docs. 1; 12) alleges that Plaintiff's building "had been called for pill call," and after receiving his medication, another inmate stabbed Plaintiff "in the back" with a knife. (Doc. 1, at 5). Officer Williams heard Plaintiff fall, noticed the inmate

4

who attacked Plaintiff trying to run past her, and yelled for other officers to assist Plaintiff. (*Id.*) Officers told Plaintiff that he had been stabbed, and Plaintiff told them that he could not feel his legs or move. (*Id.*) Nurse Godfree came to assist Plaintiff, and Plaintiff states that he "would of [sic] died" if not for Nurse Godfree's help. (*Id.*) Plaintiff was taken to the hospital where he received "immediate surgery." (*Id.*) Plaintiff seeks monetary damages for his injury from Defendants and seeks "all medications, treatment pills for pains," light, water, and gas bills, traveling expenses for Defendants' failure to protect Plaintiff and "being understaffed." (*Id.* at 6).

Judge Langstaff determined that Plaintiff's allegations raise a potential claim for deliberate indifference to Plaintiff's safety. (Doc. 19, at 7). To prevail on an Eighth Amendment claim based on unsafe conditions, the inmate must show that he is incarcerated under conditions that pose "a substantial risk of serious harm." *Visage v. Woodall*, 798 F. Appx. 406, 408 (11th Cir. 2020) (internal citation omitted). In addition, the prisoner must show that prison officials acted with "deliberate indifference to inmate health or safety." *Id.* Prison officials are deliberately indifferent when they know of and disregard an excessive risk to inmate health or safety. *Id.* at 409.

Here, Judge Langstaff correctly determined that Plaintiff's Complaint (Docs. 1, 12) fails to show whether conditions of the facility posed substantial risk of harm and fails to show whether there was a strong likelihood of Plaintiff's injury occurring. Plaintiff contends that his Complaint "standing alone" sufficiently states the claim for relief; however, the Eleventh Circuit has made it clear that the mere occurrence of the prisoner's injury alone is "not enough to show a substantial risk of serious harm." *Visage*, 798 F. App'x at 408. Moreover, the Court finds that Plaintiff fails to allege facts that show officers acted with

5

deliberate indifference to his safety or whether the officers were aware of any potential risk to his safety. In sum, the Court finds that Plaintiff's allegations do not state a claim on which relief may be granted. Thus, Plaintiff's objection is **OVERRULED**. Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim.

    II.    **Plaintiff's Objection to the Recommendation that Plaintiff's Motions Seeking Release from Valdosta State Prison be Denied Is OVERRULED.**

Plaintiff's Motion for a Mercy Prayer (Doc. 5) and Motion Meeting of the Minds for Favorable Merits (Doc. 14) both ask the Court to review the records and transcripts of his criminal case to determine whether he should be released from prison. (Doc. 5, at 1–2). He states again that his wife has been hospitalized, and thus, wants to be released so that he can care for her. (*Id.* at 2–5). In addition, Plaintiff also asserts that his state counsel provided ineffective assistance. (Doc. 14).

As Judge Langstaff correctly determined, Plaintiff's Motions are injunctive in nature because he is seeking release from custody. To establish entitlement to a preliminary injunction or a temporary restraining order (TRO),[4] a movant must demonstrate: (1) substantial likelihood of success on the merits of the underlying claim; (2) a substantial likelihood of suffering irreparable injury if the injunction is not granted; (3) that the threatened injury to the plaintiff outweighs any injury the nonmovant might suffer from the injunction; and (4) the injunction would not disserve the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Generally, a preliminary injunction is an "extraordinary and drastic remedy not to be granted unless the movant clearly establishes the

---

[4] The standard is the same for determining whether to grant a request for TRO and preliminary injunction. *See Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995).

6

burden of persuasion as to the four requisites." *All Care Nursing Servs., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1337 (11th Cir. 1989).

The Court agrees with Judge Langstaff and finds that the reasons provided by Plaintiff for his release are not related to Plaintiff's Complaint. As Judge Langstaff also noted, if Plaintiff wishes to seek release from incarceration, then Plaintiff must challenge his criminal conviction and sentence through a 28 U.S.C. § 2254 petition for a writ of habeas corpus. *Wells v. Att'y Gen. Fla.*, 470 F. App'x 754, 755 (11th Cir. 2012); *see McKinnis v. Mosely*, 693 F.2d 1054, 1056 (11th Cir. 1982) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)). Therefore, Plaintiff's Motion for a Mercy Prayer (Doc. 5) and Motion Meeting of the Minds for Favorable Merits (Doc. 14) are **DENIED without prejudice**.

### III. Plaintiff's Objection to the Recommendation that Plaintiff's Motion for Compensatory Damages be Denied Is OVERRULED.

Plaintiff filed a Motion for Compensatory Damages, requesting the Court to provide him "adequate relief" by having Defendants send $900,000 to his account because he was "seriously stabbed with an evil intent that did cause serious physical injuries. . . ." (Doc. 16, at 2, 5). Because the Complaint has been dismissed for failure to state a claim, Plaintiff is, of course, not entitled to damages upon the Complaint. Thus, Plaintiff's Motion for Compensatory Damages (Doc. 16) is **DENIED without prejudice**.

### IV. Plaintiff's Motion for Summary Judgment is DISMISSED Without Prejudice.

Following the entry of Judge Langstaff's Order and Recommendation (Doc. 19), Plaintiff filed a Motion for Summary Judgment. (Doc. 21). But because the Court dismisses Plaintiff's Complaint without prejudice for failure to state a claim and failure to comply with the Prisoner Litigation Reform Act, as discussed *supra*, Plaintiff's Motion for Summary Judgment (Doc. 21) is **DISMISSED without prejudice**.

### CONCLUSION

Upon full review and consideration of the record, the Court finds that the Recommendation (Doc. 19) should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for reason of the findings made and reasons stated therein, together with findings made, reasons stated, and conclusions reached herein.

In sum, Plaintiff's Complaint (Docs. 1; 12) is **DISMISSED without prejudice**, Plaintiff's Motion for Compensatory Damages (Doc. 16) for the instant case is **DENIED without prejudice**, Plaintiff's Motions seeking release from prison (Docs. 5 & 14) are also **DENIED without prejudice**, and Plaintiff's Motion for Summary Judgment (Doc. 21) is **DISMISSED without prejudice**.

**SO ORDERED**, this __31st__ day of October 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**